### GOLDSTEIN v. SCHWARTZ.

(Supreme Court, Appellate Term, First Department.   June 18, 1914.)

ASSIGNMENTS (§ 136*)—PROOF OF EXECUTION.

In an action by an assignee for goods sold, it was error to admit in evidence the assignment, without any proof of its execution and delivery.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 233; Dec. Dig. § 136.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Victor Goldstein against Morris Schwartz. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Bernard Chambers, of New York City, for appellant.
Abraham L. Levy, of New York City, for respondent.

PER CURIAM. This action is to recover the agreed price of certain stoves alleged to have been sold by plaintiff's assignor to defendant. Over defendant's objection the assignment was put in evidence, without any proof of its execution or delivery.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event.

---

### HAVEMEYER'S ESTATE v. STODDARD.

(Supreme Court, Appellate Term, First Department.   June 18, 1914.)

LANDLORD AND TENANT (§ 303*)—SUMMARY PROCEEDINGS—VERIFICATION OF PETITION.

Summary proceedings by a landlord cannot be maintained where there is no proof that the person who verified the petition was his agent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1303–1309; Dec. Dig. § 303.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Estate of Henry O. Havemeyer against Charles H. Stoddard. Final order in summary proceedings for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Robert P. Beyer, of New York City, for appellant.
Joseph K. Ellenbogen, of New York City, for respondent.

PER CURIAM. Apart from the question raised as to the identity of the "Estate of Henry O. Havemeyer" in whose name this proceeding was brought, there was no proof that the person who verified the petition was the agent of the landlord.

Order reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes